Ofeliya **GASPARYAN;**
et al., Petitioners,

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

No. 06–71628.

United States Court of Appeals,
Ninth Circuit.

Submitted April 28, 2009.*

Filed July 31, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Artem M. Sarian, Esquire, Sarian Law Group, APLC, Glendale, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, Anna Tyron Pletcher, Esquire, U.S. Department of Justice, San Francisco, CA, Song Park, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SKOPIL, LEAVY and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Ofeliya Gasparyan and her husband Hurutyun Nazaryan, both natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Where, as here, the Court cannot determine whether the BIA conducted a de novo review of the IJ's decision, the Court may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). "We review the IJ's findings of fact for substantial evidence and will uphold these findings if they are supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.' " *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005). A petitioner contending that the IJ's findings are erroneous must establish that the evidence compels reversal. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). We deny the petition for review.

■■■ The IJ and the BIA based the adverse credibility determinations on numerous inconsistencies in Petitioners' testimony, as well as multiple inconsistencies and discrepancies between Petitioners' testimony and Petitioners' applications for asylum and documentary evidence. Among other things, there were significant discrepancies with respect to whether Gasparyan was part Azeri, as one birth certificate indicated her father was Azeri, and another supposed "duplicate" certificate indicated that her father was Armenian. This discrepancy went to the heart of Petitioners' claims, since Petitioners claimed they were persecuted because of Gasparyan's nationality. *See Goel v. Gonzales*, 490 F.3d 735, 737 (9th Cir.2007) (inconsistencies between documentary evidence and an applicant's testimony will support an adverse credibility determination); *de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997) (noting that inconsistencies bearing on the basis of an applicant's alleged fear of persecution will support an adverse credibility determination). There was also a significant discrepancy between Petitioners' tes-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

timony that their son was beaten and killed by Fedayeens and the two death certificates Petitioners submitted to establish the death, as one of the death certificates indicated that their son died of a heart failure, while the other certificate failed to list any cause of death. Neither Petitioner adequately explained the inconsistencies in the documentary evidence, nor did either credibly explain why multiple copies of the critical documents were submitted.

Aside from the major inconsistencies in the documentary evidence presented by Petitioners, there were other substantial inconsistencies including (1) whether Gasparyan was a member of the Yravounk organization and suffered persecution on that basis, (2) whether Gasparyan "went with" a Fedayeen or was "taken" by the Fedayeen to the police station following her encounter with one of her son's alleged killers on the street, and (3) whether Nazaryan practiced in the Baha'i religion and whether he suffered persecution on that basis. The inconsistencies were numerous and pervasive, and in light of the record as a whole, the inconsistencies amount to substantial evidence supporting the adverse credibility determinations. *See Kaur v. Gonzales,* 418 F.3d 1061, 1066–67 (9th Cir. 2005) (noting that inconsistencies must be evaluated in light of the record as a whole, and that numerous blatant and pervasive inconsistencies, even if individually minor, will deprive an applicant's claims of the "ring of truth"). There is no record evidence that would compel a finding that Petitioners were credible, and therefore the IJ properly denied Petitioners' claims for asylum and withholding of removal. *See Singh,* 134 F.3d at 966. As Petitioners based their CAT claim on the same testimony and evidence found to be incredible,

substantial evidence supports the IJ's and BIA's decisions to deny CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

■ Gasparyan did not file her asylum application within one year of her arrival in the United States, and thereafter failed to challenge before the BIA the IJ's determination that she did not establish "extraordinary circumstances" to excuse the untimely filing. Because Gasparyan failed to challenge the "extraordinary circumstances" issue before the BIA, the issue remains unexhausted and this Court lacks jurisdiction to consider it. *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**